IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GROVER GUILFORD,

    Plaintiff,

v.                                           CASE NO. 5:13-cv-00350-MP-MD

CAROLYN W COLVIN,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 26, the Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be affirmed.  The plaintiff filed objections, at Doc. 27, and the Commissioner filed a response at Doc. 28.  The Court has reviewed the objected to portions de novo and concludes that the Report and Recommendation should be accepted.

Plaintiff maintains that the ALJ's decision is not supported by substantial evidence of record and that the ALJ erred in (1) finding Plaintiff's did not meet the criteria of Listing 12.05B or 12.05B (both of which deal with intellectual disability) at step three, (2) failing to include demonstrated additional mental and physical limitations in the residual functional capacity finding and hypothetical questions and failing to explain why such limitations were excluded, and in (3) finding Plaintiff not credible.

As an initial matter, substantial evidence existed to doubt plaintiff's credibility and to conclude that he was malingering and faking his symptoms.  Although plaintiff claimed to be psychotic, both Dr. Arya  and Dr. Wheeler discounted that he was truly psychotic.  In fact, Dr.

Arya stated that he was "just verbalizing" rather then experiencing psychosis. Also, both offered diagnoses and notations of malingering and probable malingering, and it is suspicious that plaintiff did not include psychosis in his original application even though its onset date would have preceded the application.

Additionally, plaintiff stated that he was Baker Acted as suicidal when, by his own admission, he was just homeless and looking for a place too live. He claimed an inability to read and write but reported reading his Bible. Finally, Dr. Ward found no significant objective evidence to corroborate alleged physical limitations, and plaintiff's daily life activities were inconsistent with his subjective complaints of pain and disability.

The lack of credibility affects the other two arguments as well. With regard to Listings 12.05B and 12.05C the ALJ relied on substantial evidence when she found that despite IQ scores in the high 50s and 60s, plaintiff still did not meet either listing. 12.05B is potentially triggered with a valid verbal IQ of 59 or less. Plaintiff's was 56. However, the ALJ and the Magistrate Judge correctly point out that Mr. Guilford's single 56 score is not dispositive if it is not "consistent with the developmental history and the degree of functional limitation." 20 CFR pt. 404, subpt. P. App. 1 § 12.00 D 6.

That is true in this case. He had a drivers license, drove a car, worked, had a family, had a savings account, and lived independently. At the hearing he could name the doctors who told him to use a cane and knew which of his medications came from which clinic. His IQ scores as a teenager, while not binding or valid for a decision at his current age, are relevant to show that even then, none of his scores were 59 or lower (tr. 292). The undersigned agrees with the

Magistrate Judge that, given the extent of Mr. Guilford's daily activities and his obvious lack of credibility, substantial evidence supported the ALJ's finding that Mr. Guilford did not meet listing 12.05B.

Listing 12.05C is potentially triggered by an IQ in the 60s but also requires "a physical or other mental impairment imposing an additional and significant work-related limitation of function." As with listing 12.05B, substantial evidence supported the ALJ's finding that Mr. Guilford's daily activities and lack of credibility weighed strongly against accepting his claims of physical disability. While there was objective medical evidence of knee and ankle problems, the question of whether those conditions caused sufficient pain to be disabling is reserved to the Commissioner. As noted above, here the ALJ did not merely hint at a lack of credibility, she made a specific finding, supported by substantial record evidence, that Mr. Guilford's claims of disabling pain were not credible.

Finally, his lack of credibility and activities of daily life defeat his claim that the hypothetical presented to the vocational expert should have included the requirement of using a cane. On examination, Dr. Ward made findings of normal motor strength in all extremities, and normal reflexes. He noted Mr. Guilford's abnormal gait and said he needed a cane (tr. 288), but this conclusion was based on Mr. Guildord's subjective complaints of pain to the doctor. As noted above, the true severity of the complained-of pain is a credibility decision reserved to the Commissioner, and so long as the decision is specific and supported by substantial evidence, it

must not be disturbed.   For all these reasons, it is hereby

> **ORDERED AND ADJUDGED**:
>
> 1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.
>
> 2. The decision of the Commissioner, denying benefits, is affirmed.
>
> **DONE AND ORDERED** this   *25th* day of March, 2015
>
> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge